IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

GREGORY LEN CORDRAY,       )
                           )
            Plaintiff,     )
                           )
v.                         )   Case No. CIV-12-079-FHS
                           )
MICHAEL J. ASTRUE,         )
Commissioner of Social     )
Security Administration,   )
                           )
            Defendant.     )

## REPORT AND RECOMMENDATION

Plaintiff Gregory Len Cordray (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. See, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. See generally, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on July 8, 1964 and was 46 years old at the time of the ALJ's decision. Claimant completed his high school education and took some vocational training in air conditioning and heating. Claimant has worked in the past as a order filler and

refrigerator technician. Claimant alleges an inability to work beginning January 1, 2006 due to limitations resulting from depression and emphysema.

**Procedural History**

On March 31, 2009, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On August 31, 2010, an administrative hearing was held before ALJ John W. Belcher in Tulsa, Oklahoma. On September 20, 2010, the ALJ issued an unfavorable decision on Claimant's applications. The Appeals Council denied review of the ALJ's decision on December 29, 2011. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform his past relevant work.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in: (1) failing to apply the rules governing drug and alcohol abuse; (2) failing to properly evaluate medical source evidence; (3) failing to perform a proper evaluation at steps 4 and 5; and (4) failing to perform a proper credibility analysis.

### Application of Drug and Alcohol Rules

Claimant contends the ALJ failed to properly apply the drug and alcohol abuse ("DAA") rules to the disability determination. In his decision, the ALJ found Claimant suffered from the severe impairments of major depressive disorder, dependent personality disorder, and polysubstance abuse (alcohol and marijuana). (Tr. 16). The ALJ determined Claimant retained the RFC to perform a full range at all exertional levels except that he suffered from non-exertional limitations of being restricted to simply, repetitive tasks in a habituated work setting requiring no hypervigilence. The ALJ concluded Claimant could have contact with co-workers and supervisors but none with the public. (Tr. 18). The ALJ also determined Claimant could perform his past relevant work as an order filler and refrigerator technician. (Tr. 19).

In his assessment of Claimant's mental limitations under the paragraph B criteria, the ALJ determined Claimant had moderate limitations in activities of daily living, social functioning, and

5

concentration, persistence, or pace when Claimant's substance abuse was a factor but only mild limitations when it was not a factor. (Tr. 17, n.1).

The ALJ recited Claimant's testimony regarding DAA in his decision. Claimant stated he stopped drinking two years prior to the proceeding except for New Year's Eve in 2009. He last used marijuana 8 months prior and cocaine 5-6 years prior to the hearing. He had not used acid in 25 years. (Tr. 18).

The Social Security Act provides that an individual would not be considered disabled if alcoholism or drug addiction were a "contributing factor material to the Commissioner's determination that the individual is disabled." Salazar v. Barnhart, 468 F.3d 615, 622-23 (10th Cir. 2006). To that end, the Commissioner must determine whether the individual would still be disabled if he or she stopped using drugs or alcohol. Drapeau v. Massanari, 255 F.3d 1211, 1214 (10th Cir. 2001). Careful consideration is to be given to periods of abstinence. Salazar, *supra* at 623. If a claimant's mental impairments cannot be separated from the effects of substance abuse, then the claimant's drug and alcohol addiction is not a contributing factor material to the disability determination. Id. at 624. Additionally, in accordance with an explanatory teletype issued by Defendant, "where the record is devoid of any

medical or psychological report, opinion, or projection as to the claimant's remaining limitations if she stopped using drugs or alcohol, an ALJ should 'find that DAA is not a contributing factor material to the determination of disability." Id. at 623.

In this regard, the ALJ never found Claimant to be disabled. Consequently, a DAA finding as to whether abuse was a contributing factor to his disability was not required. In any event, the ALJ found Claimant did not suffer from "marked" limitations under paragraph B, whether Claimant's DAA was considered or not. The medical evidence did not indicate Claimant was experiencing work-related limitations as a result of DAA, which is not surprising given Claimant's testimony regarding his sobriety. No error is attributed to the ALJ's findings with regard to DAA.

**Consideration of Medical Source Evidence**

Claimant contends the ALJ's paragraph B assessment did not comport with the medical source evidence. On July 31, 2009, a Psychiatric Review Technique form was completed by Dr. Phillip Massad. Dr. Massad found Claimant suffered from "mild depression per mse." (Tr. 265). This condition created moderate limitations in the areas of difficulties in maintaining social functioning and difficulties in maintaining concentration, persistence, or pace. (Tr. 272). Dr. Massad also completed a Mental Residual Functional

Capacity Assessment form. He determined Claimant experienced marked limitations in the areas of the ability to understand and remember detailed instructions, the ability to carry out detailed instructions, and the ability to interact appropriately with the general public. (Tr. 276-77). In his notes, Dr. Massad opined that Claimant

> has sufficient concentration and memory to do simple, repetitive tasks and (sic) but no detailed or complex tasks as evidenced by the clmt's functioning at MSE and ability to undertake a variety of everyday life demands. The clmt would be limited in the ability to work with the general public. The clmt could adapt to changes in a familiar environment. There is nothing in the available evidence to suggest that the clmt's reports are not credible or that the information across records is inconsistent.

(Tr. 278).

On January 4, 2010, a Psychiatric Review Technique was completed by Dr. Cynthia Kampschaefer. She determined Claimant suffered from the impairment of dysthymia, adjustment disorder, depressed reaction, mild. (Tr. 305). She also found Claimant had dependent personality disorder and polysubstance abuse, alcohol dependence, in early remission. (Tr. 309-10). Dr. Kampschaefer found Claimant had moderate limitations in the area of difficulties in maintaining social functioning with one or two episodes of decompensation of extended duration. (Tr. 312).

In a Mental Residual Functional Capacity Assessment of the same date, Dr. Kampschaefer determined Claimant had marked limitations in the areas of the ability to understand and remember detailed instructions, the ability to carry out detailed instructions, and the ability to interact appropriately with the general public. (Tr. 316-17). She noted Claimant can perform simple tasks with routine supervision, relate to supervisors and peers on a superficial work basis, cannot relate to the general public, and can adapt to a work situation. (Tr. 318).

On January 7, 2010, Dr. Kampschaefer completed a second Mental Residual Functional Capacity Assessment form on Claimant. She found moderate limitations in the areas of the ability to understand and remember detailed instructions, the ability to carry out detailed instructions, and the ability to interact appropriately with the general public. (Tr. 320-21). She noted Claimant can perform simple and some complex tasks, can relate to others on a superficial work basis, and can adapt to a work situation. (Tr. 322).

On June 6, 2009, Claimant underwent a mental status examination with Dr. Beth Jeffries. Dr. Jeffries diagnosed Claimant with Alcohol Dependence, in early remission, Adjustment Disorder, depressed reaction, mild. (Tr. 256). Dr. Jeffries

9

indicated Claimant's depression was "fairly mild" and "likely would not pose significant impediment in his ability to perform in an occupational setting." Claimant reported he was doing well in social settings and worked successfully in that field. (Tr. 256).

The ALJ gave Dr. Jeffries' opinion "significant weight." (Tr. 19). He did not evaluate or mention either reports by Dr. Kampschaefer or the assessment of Dr. Massad. In his paragraph B assessment, the ALJ should have considered these opinions in determining whether the reviewers' opinions of marked limitations translated into the broad functional areas. Moreover, the ALJ's finding that Claimant experienced no episodes of decompensation is contradicted without explanation by Dr. Kampschaefer's finding. (Tr. 312). On remand, the ALJ shall reassess his paragraph B findings in light of these reviewers' opinions.

### Step Four Analysis

Claimant asserts the ALJ committed error in determining he could perform his past relevant work at step four. In analyzing Claimant's ability to engage in his past work, the ALJ must assess three phases. In the first phase, the ALJ must first determine the claimant's RFC. Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996). This Court has questioned whether the entirety of the medical opinion evidence was assessed by the ALJ. On remand, the

ALJ should also consider whether this evidence alters his RFC findings.

In the second phase, the ALJ must determine the demands of the claimant's past relevant work. Id. In making this determination, the ALJ may rely upon the testimony of the vocational expert. Doyal v. Barnhart, 331 F.3d 758, 761 (10th Cir. 2003). The ALJ in this case inquired of the vocational expert as to the demands of Claimant's past relevant work. (Tr. 51). The expert testified the general clerical worker requires the ability to perform light work while the customer service worker must be able to perform sedentary work. (Tr. 51). The ALJ's hypothetical questioning considered Claimant's mental limitations in his ability to perform his past relevant work. (Tr. 52). As to whether the limitations were accurately represented given the additional reviewers' opinions, the ALJ should reconsider this questioning on remand.

The third and final phase requires an analysis as to whether the claimant has the ability to meet the job demands found in phase two despite the limitations found in phase one. Winfrey, 92 F.3d at 1023. The ALJ asked the vocational expert whether someone at Claimant's determined RFC could perform the jobs which constituted Claimant's past relevant work. Consequently, the ALJ fulfilled his obligation in the third phase. Again, on remand, the ALJ should

reassess whether all limitations were considered in the questioning.

The same may also be said with regard to the questioning at step five. On remand, the ALJ should consider whether Claimant's RFC was accurately represented in the questioning of the vocational expert in light of the reviewers' opinions.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 6th day of March, 2013.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE